# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MARK DAVIS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> Acting Commissioner ) <br> of Social Security, ) <br> ) <br> Defendant. ) | Case No. 4:13-cv-00619-NKL |

## ORDER

Plaintiff Christopher Mark Davis appeals the Commissioner of Social Security's decision denying his application for disability insurance benefits and supplemental security income. 42 U.S.C. §§ 401, *et seq.,* and 1381, *et seq*. The Commissioner's decision is AFFIRMED.

**I.  Background**

Davis alleges that he has been disabled since February 2009. The ALJ found Davis has severe impairments of affective disorder, diabetes, and hypertension, but that they do not meet or equal a listed impairment. [Tr. 15.] The ALJ determined Davis has no restriction of activities of daily living, mild to moderate difficulties maintaining social functioning, and moderate difficulties maintaining concentration, persistence, or pace [Tr. 16], and established the following residual functional capacity (RFC):

> Light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except she can lift and carry 20 pounds occasionally, 10 pounds frequently; sit 4 hours, stand 2 hours, walk 2 hours; no frequent stooping or bending; no crawling, kneeling, crouching, squatting, or lifting from the ground; no more than simple, routine, repetitive tasks; in a low stress work environment with only minimal interaction with the public and co-workers.

[Tr. 17.]

The ALJ concluded that Davis could no longer perform his past relevant work as a storage laborer [Tr. 19], but could perform other work as a collator operator (DOT 208.685-010), folding machine operator (DOT 208.685-014), and sub-assembler (DOT 729.684-054) [Tr. 20].

## II. Discussion

Davis argues that the RFC is "unsupported by any medical evidence of record as to [his] physical and mental functional limitations" [Doc. 15, p. 15]; the ALJ erred as a matter of law in failing to address Davis' obesity and glaucoma; the ALJ's misstatement of the RFC to the Vocational Expert (VE) requires reversal; and the ALJ should have ordered a consultative exam.

The Commissioner assesses disability using a five-step sequential evaluation process. *See* 20 C.F.R. 404.1520 and 416.920. At Steps 1 and 2, the ALJ must ensure the claimant is not engaged in substantial gainful activity, and has a medically determinable impairment that is "severe" within the meaning of the Social Security Act. *Id*. At Step 3, the claimant will be found disabled if he has an impairment that meets or equals any impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id*. Before proceeding to Step 4, the ALJ determines a claimant's RFC, the claimant's ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. 20 C.F.R. 404.1520(e) and 416.920(e). The ALJ considers all of a claimant's impairments, including those that are not severe. *Id.*, 20 C.F.R. 416.945, and SSR 96-8p. The claimant must show at Step 4, if not found disabled at Step 3, that he is not able to return to his past relevant work. *See, e.g., Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). If the claimant makes such a showing, the burden of production shifts, at Step 5, to the Commissioner to show that the claimant can perform jobs existing in significant numbers in the national economy. 20 C.F.R. 404.1520 and 416.920.

The Commissioner's findings are reversed "only if they are not supported by substantial evidence or result from an error of law." *Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012). Substantial evidence is less than a preponderance of the evidence, but enough that a reasonable

mind might accept it as adequate to support the Commissioner's conclusions. *See Juszczyk v.Astrue,* 542 F.3d 626, 631 (8th Cir. 2008). "If substantial evidence supports the Commissioner's conclusions, [the Court] does not reverse even if it would reach a different conclusion, or merely because substantial evidence also supports the contrary outcome." *Byers*, 687 at 915. Based on these principles, the Court finds no reversible error.

**A. Support for the RFC**

The RFC is supported by medical evidence concerning Davis' mental and physical limitations.

"An ALJ bears the primary responsibility for assessing a claimant's [RFC] based on all relevant evidence." *Roberts v. Apfel,* 222 F.3d 466, 469 (8th Cir. 2000). Therefore, an ALJ's RFC finding may be proper, notwithstanding the absence of a medical *opinion* of record mirroring the RFC in all particulars. *See Martise v. Astrue,* 641 F.3d 909, 927 (8th Cir. 2011). The ALJ is not required to rely entirely on any one physician's opinion, or choose between the opinions of the claimant's physicians. *Id.* An RFC must simply be supported by "at least some medical evidence." *Myers v. Colvin,* 721 F.3d 521, 527 (8th Cir. 2013) (citing *Wildman v. Astrue,* 596 F.3d 959, 969 (8th Cir. 2010)).

Davis specifically argues that the RFC is unsupported by any medical evidence with respect to the impact of his depression, because the ALJ gave no weight to the opinion of the psychiatric consultant, Dr. Allen, who completed a psychiatric review technique form. [Doc. 15, p. 15.] Davis overlooks that the ALJ in fact relied on treatment records concerning Davis' mental status exams and the effect of medications on Davis' condition, and on the opinion of Holly Chastain, Ph.D., who saw Davis twice. [Tr. 18, 324-35, 359-60, 392-403, 418.] Those records reflect, for example, that Davis had relatively benign clinical findings, and that his condition improved when he was taking his medication and worsened when he was not. The ALJ did not rely on the entirety of Dr. Chastain's opinion [Tr. 18], but the ALJ was not required

to accept all or none of it. *See Martise*, 641 F.3d at 927. The RFC with respect to Davis' mental limitations is properly supported by "at least some medical evidence." *Myers,* 721 F.3d at 527.

Davis similarly argues that the RFC is unsupported by any medical evidence with respect to his physical limitations, because the ALJ gave no weight to the opinion of the medical consultant, Dr. Majure-Lee, who completed a medical evaluation form. [Tr. 15, pp. 14-15.] But the ALJ did cite and discuss the medical evidence in the record supporting the RFC. [Tr. 18-19.] For example, a March 2011 examination by a treating physician, Dr. Beall, showed Davis could walk without difficulty and was able to squat and rise; a negative straight-leg raise test; no sensory or motor changes in the lower extremities; and a diagnosis of low back pain and lumbar strain, most likely due to restless leg syndrome, for which medication was prescribed. [Tr. 18, 383-384.] The doctor gave Davis some back exercises to do. [*Id.*] Davis had an MRI of his back in April 2011, because he claimed the exercises gave him no relief. [Tr. 18, 385.] The MRI showed evidence of an annular tear at L1-L2, and some small areas of bulging, but "nothing of a surgical nature at this point in time." [Tr. 18, 386.] Dr. Beall emphasized losing weight and exercising as the most important things Davis could do for pain. [*Id.*] A May 2011 treatment note reflected that Davis lost 12 pounds through diet and exercise. [Tr. 19, 368.] The RFC finding as it related to Davis' physical limitations is supported by "at least some medical evidence." *Myers,* 721 F.3d at 527.

Because the RFC is in fact supported by medical evidence concerning Davis' mental and physical limitations, his argument fails.

**B. Davis' obesity and glaucoma**

Davis additionally argues that the RFC is unsupported because the ALJ failed to address evidence in the record concerning Davis' obesity and glaucoma. [Doc. 15, pp. 12-13.] No prejudicial error appears.

4

Davis failed to allege these conditions in his application for benefits, and never mentioned them at the hearing before the ALJ. An ALJ "is not obliged" to examine "a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability." *Mouser v. Astrue,* 545 F.3d 634, 639 (8th Cir. 2008). Therefore, the ALJ did not err in failing to address the conditions.

**C. The hypothetical posed to the VE**

At Step 5 of the sequential evaluation process, when the ALJ posed the hypothetical to the VE, asking what jobs existing in significant numbers in the national economy Davis can perform, the ALJ inadvertently misstated his RFC finding to the VE. The RFC as found and the RFC as posed both referred to light work. [Tr. 17, 73-74.] But, Davis argues, because the RFC as found reduced by 2 hours the number of hours sitting, standing or walking in an 8-hour work day, and the RFC as posed did not include the 2-hour reductions, reversal is required. [Doc. 15, p. 12.]

Error must be prejudicial to justify reversal. *Lacroix v. Barnhart,* 465 F.3d 881, 886 (8th Cir. 2006). *C.f. Hepp v. Astrue,* 511 F.3d 798, 806 (8th Cir. 2008) ("[A]n arguable deficiency in opinion-writing technique does not require [a court] to set aside an administrative finding when the deficiency had no bearing on the outcome.").

Although the ALJ's misstatement of the RFC may reflect inattention to detail, Davis does not explain how it prejudicially affected the VE's conclusion concerning jobs existing in significant numbers in the national economy. Put another way, Davis does not explain what difference would come about on remand for the RFC to be more exactly stated, let alone that the VE would come to the conclusion that no suitable jobs exist if the 2-hour reductions to which he points were included. A technical error absent prejudice does not warrant reversal.

### D. Consultative exam

Finally, Davis argues that the ALJ erred in failing to order a consultative exam. An ALJ is required to order a consultative examination "only if the medical records presented…do not give sufficient medical evidence to determine whether the claimant is disabled." *McCoy v. Astrue,* 648 F.3d at 612 (8th Cir. 2011) (citing *Conley v. Bowen*, 781 F.2d 143, 146 (8th Cir. 1986)). *See also Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995) (ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in record provides sufficient basis for ALJ's decision).

In *Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008), for example, the court held that in evaluating a claimant's ability to perform past relevant work, the ALJ was not required to have developed the record further, when diagnostic tests in the record showed only "mild" degenerative changes in the claimant's back and neurologic examinations were normal. A claimant always bears the burden to prove his RFC. *Pearsall,* 274 F.3d at 1217. Accordingly, a claimant's failure to provide medical evidence reflecting claimed limitations "should not be held against the ALJ when there *is* medical evidence that supports the ALJ's decision." *Steed,* 524 F.3d at 876 (citing *Goff v. Barnhart,* 421 F.3d 785, 791 (8th Cir. 2005)) (emphasis in original).

In this case, the ALJ had sufficient medical evidence to reach the RFC finding. The ALJ analyzed more than one hundred pages of medical records, containing treatment history, diagnoses, tests, and examiner's opinions. [Tr. 17-19, 335-52.] The ALJ considered the medical evidence of record and determined that Davis' mental and physical impairments were not as severe as alleged. [Tr. 17-19, 316-334, 353-432.] The ALJ's determination was supported by the non-medical evidence which the ALJ also considered, including Davis' testimony, which suggested that Davis' impairments were not as disabling as claimed. [Tr. 17, 35-57.]

Accordingly, the ALJ was not required to order a consultative exam regarding Plaintiff's limitations.

**III. Conclusion**

The Commissioner's decision is AFFIRMED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: August 1, 2014
Jefferson City, Missouri